UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HUMBERTO NAJERA and | ) | |
| A-1 AUTO SALES, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-207-RL-JEM |
| | ) | |
| S.A.M. INSURANCE SERVICES and | ) | |
| AMERICAN SERVICE INSURANCE | ) | |
| COMPANY, INC., | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiffs Humberto Najera and A-1 Auto Sales to respond to the Order to Show Cause of June 19, 2015 [DE 27].

On January 28, 2015, Plaintiffs' attorney of record moved to withdraw his representation. On January 30, 2015, the Court granted the motion and set the matter for a hearing on February 12, 2015, to inquire into the status of Plaintiffs' representation. The Order also informed Plaintiff A-1 Auto Sales that corporate parties may not proceed without counsel. On February 12, 2015, Plaintiff Najera appeared in person without counsel and as corporate representative of Plaintiff A-1 Auto Sales. Neither Plaintiff had obtained counsel. Plaintiff A-1 Auto Sales was again warned that corporate plaintiffs may not proceed *pro se* and that the Court may recommend dismissal of Plaintiff A-1 Auto Sales. Plaintiffs requested two months to retain new counsel and the Court scheduled a status conference for April 16, 2015.

Plaintiffs did not attend the April 16, 2015, status conference and the Court issued an Order to Show Cause on April 17, 2015, ordering Plaintiffs to appear in person to a Show Cause Hearing on June 18, 2015. Plaintiffs were warned that failure to appear could result in the recommendation to the District Court that this matter be dismissed. Plaintiffs failed to appear at the June 18, 2015, Show Cause Hearing and on June 19, 2015, were ordered to show cause in writing by July 17, 2015, to explain their failure to appear and were again warned that failure to do so could result in the recommendation to the District Court that this matter be dismissed. The Order was sent via certified mail and the Court received notice that Plaintiff Najera signed for it June 24, 2015. Plaintiffs failed to respond to the Order.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiffs, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiffs failed to appear at two show cause hearings. The Court also finds that proper warning has been given to Plaintiffs. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725.

"'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiffs received "due warning:" at the hearing on February 12, 2015, two and three Orders to Show Cause. The Court finds that dismissal is warranted by Plaintiffs' failure to comply with the Show Cause Orders.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS the case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

SO ORDERED this 6th day of August, 2015.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:    Judge Judge Rudy Lozano
       All counsel of record
       Plaintiffs Humberto Najera and A-1 Auto Sales, *pro se*, by first class and certified mail